# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVE MITCHELL et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00820-P |
| OCWEN LOAN SERVICING, LLC et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Ocwen Loan Servicing, LLC's ("Ocwen") and Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2001-A, Asset-Backed Certificates, Series 2001-A's ("Wells Fargo") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 10), filed July 15, 2019; Plaintiffs Steve Mitchell's and Patti Mitchell's Response (ECF No. 16); and Defendants' Reply (ECF No. 18). Having considered the Motion, briefing, and the applicable law, the Court finds that Defendants' Motion to Dismiss should be and is hereby **GRANTED**.

## I.  BACKGROUND[1]

On or about March 6, 2001, Plaintiffs purchased certain property commonly referred to as 6354 Montego Court, Fort Worth, Texas 76116 ("Property"). Orig. Pet. at ¶¶ 3–4,

---

[1]The Court draws its factual account from the allegations in Plaintiffs' Original Petition. *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

ECF No. 1-3. In connection with the purchase, Plaintiff Steve Mitchell, signed a promissory note in the amount of $208,000, in favor of Option One Mortgage Corporation, and Steve and his wife, Plaintiff Patti Mitchell, signed a Deed of Trust naming Option One Mortgage Corporation as the Lender and beneficiary.[2] *Id.* at ¶ 4. The Property is Plaintiffs' homestead. *Id.*

Plaintiffs allege that Wells Fargo represented that it had purchased Plaintiffs' Loan in 2010, but that such a representation is not supported by an examination of the Tarrant County public records. *Id.* Thus, Plaintiffs assert that because Wells Fargo purportedly lacks authority over their Loan, Ocwen's authority as Wells Fargo's mortgage servicer is likewise unfounded. *Id.*

But as Plaintiffs acknowledge in their Original Petition, this is not the first lawsuit between them and Defendants. Orig. Pet. at ¶ 4(G); MTD at ¶ 5, ECF No. 10. On or about August 3, 2015, Plaintiffs previously filed a lawsuit against the same Defendants in Texas state court ("First Lawsuit"). MTD at Ex. 1. The First Lawsuit was removed to this Court. *See Steve Mitchell and Patti Mitchell v. Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A*, No. 4:15-CV-006680-O.[3] In the First Lawsuit, the Court

---

[2]The Note and Deed of Trust are referred to collectively as the "Loan."

[3]The Fifth Circuit has held "that [a] court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410–11 (5th Cir. 2010) (internal quotation marks omitted). The Fifth Circuit has also held "that district courts have 'the right to take notice of [their] own files and records'" in adjudicating cases between the same parties raising substantially similar issues as those addressed in previous cases. *Id.* (quoting *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (per curiam)). Accordingly, on its own motion, the Court takes judicial notice of the

granted Defendants' Motion to Dismiss in part (MTD Ex. 2) and then granted Defendants' Motion for Summary Judgment before entering a Modified Final Judgment against Plaintiffs. *See* MTD Ex. 3. The Modified Final Judgment recited in part that "Wells Fargo is the current legal owner and holder of the Note and mortgagee of the Deed of Trust pursuant to a series of assignments recorded as document numbers D211014736 and D215140917 in the official public records of Tarrant County, Texas." MTD Ex. 3 at 2. The Modified Final Judgment further provided that "due to the event of default on the Note, Wells Fargo, or its successors or assigns, may enforce its Deed of Trust against the Property through non-judicial foreclosure of the Property as provided in the [Deed of Trust] and section 51.002 of the Texas Property Code." MTD Ex. 3 at 3.

Plaintiffs appealed the Modified Final Judgment to the Fifth Circuit Court of Appeals, but the appeal was dismissed on August 10, 2018 for want of prosecution (MTD, Ex. 4). *See Mitchell v. Ocwen Loan Servicing, L.L.C.*, No. 18-10380.

Plaintiffs filed the instant lawsuit on September 4, 2018. Orig. Pet. Plaintiffs allege that the enforcement of the lien is barred by Wells Fargo's failure to comply with section 505.004 of the Texas Estates Code and section 9.001 of the Texas Business and Commerce Code, and Plaintiffs sought declaratory judgment that any substitute trustee's deed

---

filings in the First Lawsuit, including Exhibits 1–4 attached to Defendants' Motion to Dismiss (ECF Nos. 10-1, 10-2, 10-3, and 10-4). FED. R. EVID. 201(c) (indicating that the district court may take judicial notice on its own motion); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (holding it "was appropriate for the court to take judicial notice" of certain matters in resolving a Rule 12(b)(6) motion).

3

resulting from a September 4, 2018 substitute trustee's sale is void. *Id.* at ¶ 5. Defendants removed the case to this Court on October 4, 2018. ECF No. 1.

On July 15, 2019, Defendants filed a Rule 12(b)(6) Motion to Dismiss (ECF No. 10), seeking dismissal primarily on the basis of res judicata. Plaintiffs filed a Response (ECF No. 16) and Defendants filed a Reply (ECF No. 18). The Motion to Dismiss is now ripe for the Court's consideration.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins*, 224 F.3d at 498–99.

### B.     Applicability of Res Judicata in Rule 12(b)(6) Motion to Dismiss

The Court first discusses the propriety of raising a res judicata argument in a motion to dismiss. The general rule is that "a res judicata contention cannot be brought in a motion to dismiss" because it "must be pleaded as an affirmative defense." *Test Masters Educ.*

5

*Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, "[d]ismissal under Rule 12(b)(6) on res judicata grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings." *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010); *see also Meyers v. Textron, Inc.,* 540 F. App'x 408, 410 (5th Cir. 2013) ("[R]es judicata may be properly raised on a motion to dismiss when the facts are admitted or not controverted or are conclusively established." (internal quotation marks omitted)). In addition, dismissal under Rule 12(b)(6) is proper if the elements of res judicata are apparent based on the facts pleaded and judicially noticed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.").

Therefore, because the elements of res judicata are apparent "based on the facts pleaded and judicially noticed," the Court finds that it is appropriate to review Defendants' res judicata defense in the context of the Motion to Dismiss. *See Hall*, 305 F. App'x at 229 ("Because [plaintiff's] own pleadings and the judicially noticed, publicly available documents all reveal that res judicata's four requirements are satisfied, the district court properly granted defendants' Rule 12(b)(6) motion to dismiss.").

### III. ANALYSIS

Plaintiffs have already engaged in the First Lawsuit with these same Defendants.[4] The First Lawsuit resulted in a Modified Final Judgment from this Court, which was then

---

[4]The Court notes that the filings in the First Lawsuit reveal that Plaintiffs had actually filed suit in a 2011 Texas state court action against Wells Fargo and a different loan servicer, American

appealed to the Fifth Circuit before being dismissed for want of prosecution. The facts giving rise to the First Lawsuit are nearly identical with those involved in the instant lawsuit. The only new facts identified by Plaintiffs are a new notice of substitute trustee's sale, dated September 4, 2018, and Plaintiffs' alleged discovery that Wells Fargo's purported failure to comply with section 505.004 of the Texas Estates Code and section 9.001 of the Texas Business and Commerce render Defendants unable to enforce the mortgage lien through foreclosure. MTD Resp. at 2–3.

"Claim preclusion, or pure res judicata, is the venerable legal canon that [e]nsures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citation and internal quotations omitted). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citation and quotations omitted). For res judicata to apply, four conditions must be satisfied: (1) the parties to both actions are identical, or in privity; (2) a court of competent jurisdiction rendered the judgment in the first action; (3) the first action concluded with a final judgment on the merits; and (4) both suits involved the same

---

Home Mortgage Servicing, Inc. MTD Ex. 2 at 5. That case—numbered 236-252605-11 in the 236th Judicial District Court of Tarrant County, Texas—challenged, inter alia, Wells Fargo's and its servicer's capacity to foreclose, but resulted in a take-nothing judgment against Plaintiffs. *Id.* Thus, the instant lawsuit represents Plaintiffs' *third* lawsuit challenging Wells Fargo's authority vis-à-vis the Loan.

7

claim or cause of action. *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (citation omitted).

All four conditions are satisfied. *First*, the parties are identical to the parties in the First Lawsuit. *See* MTD Exs. 1, 2. This fact is uncontested by Plaintiffs. *See* MTD Resp. *Second*, on September 26, 2017, this Court rendered a Modified Final Judgment in the First Lawsuit. *See* MTD Ex. 3. Plaintiffs do not contest that the judgment was rendered by a court of competent jurisdiction. *See* MTD Resp. *Third*, the Modified Final Judgment was a final judgment on the merits. *See Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 F. App'x 735, 738 (5th Cir. 2015). Plaintiffs do not contest that the Modified Final Judgment was a final judgment on the merits. *See* MTD Resp. *Fourth*, the instant lawsuit and the First Lawsuit both involve the same claim or causes of action. It is this condition that Plaintiffs challenge.

Plaintiffs' instant lawsuit does assert two new statutory bases for preventing Defendants from enforcing the Loan: violations of section 505.004 of the Texas Estates Code and of section 9.001 of the Texas Business and Commerce Code. However, each of these purported violations are based on facts that were present in the First Lawsuit—that is, Wells Fargo's purported failure to properly register with the Texas Secretary of State and an attempted foreclosure sale. *See* Orig. Pet. at ¶ 4(I) (discussing Wells Fargo's 1991 filing as failing to satisfy the requirements of estates code section 505.004 and business and commerce code section 9.001). Although the notice of September 4, 2018 substitute trustee's sale had not been provided in the First Lawsuit, Plaintiffs' Original Petition provides that there was also a "Notice of Substitute Trustee's Sale on behalf of Ocwen and

8

Wells Fargo as to the Property, threatening non-judicial foreclosure on August 4, 2015." Orig. Pet. at ¶ 4(F). And as asserted in Plaintiffs' Original Petition, the most recent version of the estates code was "effective January 1, 2014," and the most recent version of the business and commerce code was "effective January 1, 2006." *Id.* at ¶ 5.

The Fifth Circuit uses the transactional test to determine whether two suits involve the same claim or cause of action. *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). This test requires the district court to consider whether the two cases are based on "the same nucleus of operative facts." *Id.* (citation and quotations omitted). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id.* (citation omitted). If both cases are based on the same nucleus of operative facts, "the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (citation and internal quotations omitted).

Despite the new foreclosure sale notice, the same set of facts was at issue in the First Lawsuit and Plaintiffs could have asserted their statutory violations in the First Lawsuit. Accordingly, the fourth condition is also satisfied. *See Warren*, 616 F. App'x at 738 ("Raising new claims . . . does not allow Warren to avoid the preclusive effects of the prior judgments. Even with new claims, this case is based on the same nucleus of operative facts as *Warren I* and *Warren II*. Each of the suits is based on the same loan that Warren obtained in 2006. . . . Though Warren has also raised various other claims, they arise from the same

nucleus of operative facts and thus could have, and should have, been asserted in the prior suits.").[5]

## IV.   DENIAL OF PLAINTIFFS' REQUEST FOR LEAVE TO REPLEAD

Plaintiffs alternatively request leave of court to replead if the Court believes their claims are not stated with sufficient particularity. MTD Resp. at 6. The Court **DENIES** Plaintiffs leave to replead.

Dismissal without prejudice is appropriate if a federal court finds that the plaintiff has not alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Thus, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Lopez–Santiago v. Coconut Thai Grill,* No. 3:13–CV–4268–D, 2014 WL 840052, at *5 (N.D. Tex. Mar. 4, 2014) (quoting *In re American Airlines, Inc., Privacy Litigation*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005)).

---

[5]Although a federal declaratory judgment request is not considered an independent cause of action, *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) ("The Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive rights or causes of action."), Plaintiffs' request for declaratory judgment requires dismissal in any event because the same request for declaratory judgment was brought in the First Lawsuit, albeit based on the August 4, 2015 foreclosure notice rather than the September 4, 2018 foreclosure notice. *Compare* Orig. Pet. at ¶ 8, *with* MTD Ex. 1 at ¶ 12. And because the Court dismisses all of Plaintiffs' underlying claims, Plaintiffs' request for injunctive relief likewise fails. *See Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Back Certificates WAMU Series No. 2007-HE2 Tr.*, 390 F. Supp. 3d 769, 793 (E.D. Tex. 2019) ("[B]ecause Plaintiff has failed to state any valid causes of action against Defendant, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive fails as a matter of law.").

However, this case is the third lawsuit in which Plaintiffs challenge Wells Fargo's authority to enforce the Loan and the second lawsuit challenging Ocwen's authority to service the Loan, which includes conducting a foreclosure sale on behalf of Wells Fargo. Further, this case was removed over one year ago, and Plaintiffs' request for leave to replead is not based on newly discovered facts but to allow Plaintiffs to provide more particularity and to "cure any inadvertent errors of date, or of documentary or party reference." MTD Resp. at 6. As explained above, the Court does not grant the Motion to Dismiss because of a lack of particularity or inadvertent errors in pleading.

Therefore, the Court **DENIES** Plaintiffs leave to amend their pleadings.

V.  **CONCLUSION**

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss (ECF No. 10), should be and is hereby **GRANTED.** Accordingly, Plaintiffs' claims are **DISMISSED with prejudice.**

**SO ORDERED** on this **31st day** of **October, 2019**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE